# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **LARRY G. PHILPOT** | § | |
| | § | |
| **V.** | § | **A-18-CV-339-RP** |
| | § | |
| **WOS, INC.** | § | |

## ORDER

Before the Court are Defendant WOS, Inc.'s Motion to Compel (Dkt. No. 19); Plaintiff's

Response (Dkt. No. 20); and Defendant's Reply (Dkt. No. 21). On December 10, 2018, the District

Court referred the above-Motion to the instant Magistrate Court for resolution pursuant to 28 U.S.C.

§ 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local

Court Rules. The Court held a hearing on the Motion to Compel on January 16, 2019.

## I. STANDARD OF REVIEW

The Federal Rules provide that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the importance
> of the discovery in resolving the issues, and whether the burden or expense of the
> proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). After a party has attempted in good faith to obtain discovery without court

action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P.

37(a)(1). A party opposing discovery on the basis that it is overbroad and unduly burdensome bears

the burden of showing why discovery should be denied. *Wiwa v. Royal Dutch Petroleum Co.*, 392

F.3d 812, 818 (5th Cir. 2004). "The Court must balance the need for discovery by the requesting

party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).

## II. ANALYSIS

Plaintiff Larry Philpot, who describes himself as a freelance concert photographer, filed this lawsuit on April 25, 2018, alleging that Defendant WOS, Inc., an owner and operator of the website www.wideopencountry.com, infringed on Plaintiff's copyrights in two of his works—photographs of Kenny Chesney and Lukas Nelson. Philpot's lawsuit alleges copyright infringement in violation of 17 U.S.C. § 501 and removal of copyright management information in violation of 17 U.S.C. § 1202(b). Although Philpot admits in his Complaint that the two photographs at issue are available online for free under a "Creative Commons" license, he claims that WOS should be ordered to pay him $150,000 per photo as damages for WOS's unauthorized use of the photos. He contends that he has lost licensing opportunities, business referrals, and concert and event tickets as a result of the infringement, as well as suffered damage to his reputation and goodwill.

On July 19, 2018, WOS served Philpot with its First Requests for Production, requesting documents related to Philpot's alleged damages. The requested documents include Philpot's bank statements and tax returns. In response, Philpot only produced a couple of confidential settlement agreements, and two license agreements, as well as evidence reflecting the income he received from a photo shoot at a casino. Philpot objected to producing more financial records than this, and contends that WOS has not sustained its burden to discover his tax returns. WOS thus filed the instant Motion to Compel seeking an order compelling Plaintiff to fully respond to Requests for Production Nos. 5, 6, 8, 9, 10, 11 and 15.

As stated on the record during the hearing, counsel for Philpot has assured the Court and WOS that he believes he has turned over all documents Philpot possesses responsive to Requests

Nos. 5, 6, 8 and 9, but that he would inquire of his client to ensure that all relevant communications and responsive documents have been produced, and, if not, supplement his production. Accordingly, the Court will **DENY** the Motion to Compel with regard to these requests as moot.

With regard to Requests Nos. 10, 11 and 15, Philpot objects that these requests seek private financial information that is not justified in light of the material Philpot has already produced. Philpot contends that he has produced evidence of all of the income he has generated from the two images at issue (that vast majority of which has apparently come from the settlement of lawsuits or threatened lawsuits like this one), and that his real damages are the opportunities he has lost as a result of WOS using his images without attribution. He claims that the evidence of these lost opportunities is in WOS's possession, as it knows who has visited its website and seen the images. This argument has no merit. The identity of people who may have seen one of the two photographs is not evidence of lost opportunity damages. Rather, such evidence would be, for example, evidence that in the past, Philpot has regularly received income from licensing his images to people who saw one of his images with attribution online. Philpot is in possession of such evidence, if any exists. Moreover, by claiming that he has suffered damage to his livelihood and reputation as a professional photographer, he has put those matters at issue in this case. Further, from the evidence presented at the hearing, WOS has demonstrated that the information that would be contained in a tax return is not obtainable from any other source.

Accordingly the Court will **GRANT** the Motion to Compel, and **ORDERS** Philpot to produce his tax returns and bank statements for the agreed-upon three year period discussed at the hearing. There is a protective order in place in this case, and Philpot may designate the bank

statements and any tax returns[1] as confidential under the order.  Further Philpot may redact

confidential information that is unrelated to his photography income or expenditures from these

documents, but he must provide to WOS a log of such redactions with general descriptions of what

was redacted and why.  This additional production shall be provided no later than January 25, 2019.

SIGNED this 17th day of January, 2019.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1]After the Court stated on the record that Philpot would be compelled to produce his tax returns, his counsel informed the Court that Philpot had not filed returns for several years, and was in the process of preparing returns for those years, which may delay his ability to produce returns. Mr. Philpot may want to reconsider the wisdom of filing lawsuits seeking lost income damages, if he has failed to file tax returns for "several years."